JUDIAH HIGGINS

*v.*

ALANSON CHAMBERLIN and others.

Timber, posts, rails and cord-wood, made from trees on mortgaged premises, fraudulently cut down by the mortgagor after the filing of the bill of foreclosure, and removed to neighboring lands, may be sold to make up any deficiency in the mortgage debt, after a sale of the land.

Bill to foreclose.   On order to show cause, and affidavits.

*Mr. H. A. Fluck,* for complainant.

THE CHANCELLOR.

This matter comes before me on an order to show cause why certain timber, posts, rails and cord-wood, which were on the mortgaged premises when the bill was filed, and afterwards were removed therefrom to neighboring land by the mortgagor, and also certain timber, posts, rails and cord-wood which had previously been removed from those premises to adjoining land, should not be sold by the receiver to pay the deficiency remaining after applying the proceeds of sale of the mortgaged premises to the amount due the complainant on the execution.   The property which it is sought to reach by this application, was manufactured from the trees which grew on the mortgaged premises, and were felled thereon by the mortgagor.   So much of it as was manufactured from trees which were cut down after the beginning of this suit, should be applied to the payment of the complainant's debt.

It is clear, from the testimony, that the trees which were cut down after the suit was begun, were fraudulently cut down and removed by the mortgagor with the design of thereby securing to himself so much of the mortgaged premises.   His son's levy under judgment is no obstacle.

It was manifestly made with like fraudulent design. It was not made until after this suit was brought. The property has not been sold or pledged. The same disposition would be made of any other of the property manufactured from trees shown to have been cut down with like design, before the bill was filed, but the proof of fraudulent intention, with regard to such trees, is not clear enough to warrant it.